UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERRY SOMERSET,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CITY OF EAST ORANGE, NEW JERSEY** *et al.*,<br><br>    **Defendants.** | Civ. No. 21–12486 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jerry Somerset, proceeding *pro se*, brings this action against the City of East Orange, New Jersey ("East Orange") and Judge Sherwin Campbell, Chief Judge of the East Orange Municipal Court ("Judge Campbell") (collectively, the "Defendants"). Mr. Somerset appears to seek relief for alleged violations of the Whistleblowers Protection Act, Conscientious Employee Protection Act,[1] the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983,[2] federal and state undercover guidelines, and mail fraud. The Defendants have now moved to dismiss the Complaint.

For the following reasons, the Defendants' motion to dismiss is **GRANTED**.[3]

## I. BACKGROUND

The Complaint alleges the following:

> I became a Whistleblower at the time Presi[d]ent George H.W. Bush signed The Whistleblowers Protection Act into law in 1989 during the time a terrorism Rico Act investigation was on going in

---

[1] The Complaint generally alleges that the Defendants violated both federal and state "whistleblowers anonymity." DE 1 at 3.

[2] The Complaint alleges that the Defendants violated Mr. Somerset's civil rights and due process. DE 1 at 3.

[3] "DE __" refers to the docket entries in this case.

> the City of Newark New Jersey after the acquittal of a major crime organization, which The City of East Orange was also invo[lv]ed in handling as well, to protect a high profile individual, but the City of East Orange had insist in placing myself and others in danger because of their parking ordinance and getting rewarded from the State of New Jersey's criminal case, myself as a ally federal whistleblower who is also protected under the federal and state undercover guidelines, I'm stating my claim for defendants violations of the laws above and is requesting oral argument by trial.

(DE 1 at 4.) Additionally, in the Complaint's "Amount in Controversy" subsection, Mr. Somerset contends that his due process rights have been violated "because of over 8 consecutive months of virtual hearings postponements to delay [him] of Life, Liberty, and Pursuit of Happiness, as a Federal and State Whistleblower of the United States Department of Justice and an American with Disabilities … mentally stressed of possible deep-six plans against anonymous federal and state whistleblowers." (DE 1 at 4.)

Attached to the Complaint is a document titled "Continuing Statements and Attachments" which appears to submit additional factual allegations[4] and purports[5] to attach the following: (1) a letter from former President Donald J. Trump and former Attorney General William Barr confirming Mr. Somerset's

---

[4]     The attachment states, in part, that the "case the Federal and New Jersey Government needed to accomplish was so important, they needed to promote civilians to federal and state agents and as for myself a transport among other things now I'm without driving privileges because The City of East Orange involvement was to provide over night security along with their ordinance waiver yet decided to breach an agreement with the Federal Government and The State of new Jersey as to waive any interfering issues to a federal and states domestic terrorism RICO Act case." DE 1 at 6.

[5]     I say "purport," because the letters attached actually consist of: (1) an August 6, 2019 letter from the Executive Office for the United States Attorneys ("EOUSA") Strategic Communications Staff confirming their receipt of Mr. Somerset's July 1, 2019 letter requesting a reduction in his sentence for providing substantial assistance to the government and inquiring about an unindicted criminal investigation; and (2) an October 28, 2019 letter from EOUSA's Strategic Communication Staff responding to an October 16, 2019 letter from Mr. Somerset and stating they could no longer help Mr. Somerset with his matter.

"credibility assisting" United States Government and New Jersey, "among other states and Whistleblowers claims"; (2) "hearings postponements" issued by East Orange; and (2) a letter from former President Barack Obama "leaving out my involvement with the Justice Department as an undercover and federal whistleblower."[6]

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief.") (citation omitted). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Defendants, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v.*

---

[6]   In response to the Defendants' motion to dismiss, Mr. Somerset responded by filing the same letters, along with (1) a notice from the Social Security Administration stating that their records indicate that Mr. Somerset is "blind or visually impaired"; and (2) an unsourced medical record appearing to diagnose Mr. Somerset with anemia. DE 10.

*China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

The court will be more forgiving of complaints filed *pro se* and construe their allegations liberally. *Haines v. Kerner,* 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a *pro se* complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

Somerset has made several filings in which he has stated his legal and factual positions. I have construed these filings in the liberal spirit of *Haines.*

### III.   DISCUSSION

#### A. Judge Sherwin Campbell

Mr. Somerset brings this action, in part, against Judge Campbell of the East Orange Municipal Court, seeking compensatory damages for violations of the statutes cited in the Complaint. The claims may have something to do with parking violations. Regardless, Mr. Somerset's claims against Judge Campbell must be dismissed on grounds of judicial immunity.

A judicial officer has absolute immunity from suit based on the performance of his or her duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. *Mireles*, 502 U.S. at 11. There are two exceptions: (1) for non-judicial actions, not taken in the judge's official capacity; and (2) for actions which, although judicial in nature, were taken in the complete absence of jurisdiction. *See id.* at 11-12. Whether an act is judicial relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the

expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted).

The Court notes that the Complaint makes no direct factual allegations against Judge Campbell. There is, *a fortiori*, no suggestion that Judge Campbell took any action outside of his official judicial capacity or performed judicial actions "in the complete absence of jurisdiction." To the extent that Mr. Somerset's allegations concerning delayed "virtual hearings," East Orange's "parking ordinances," and the revocation of Mr. Somerset's driver's license may be related to some case in front of Judge Campbell, those allegations clearly center on Judge Campbell's performance of his duties.

Accordingly, Mr. Somerset's monetary damage claim against Judge Campbell will be dismissed, based on absolute judicial immunity.

**B. City of East Orange**

Mr. Somerset also names East Orange as a defendant. The Complaint can be construed as asserting claims under the Whistleblowers Protection Act, CEPA, the ADA, Section 1983, or possibly 18 U.S.C. § 1341, the federal criminal mail fraud statute.[7] The Defendants assert that the Complaint fails to satisfy federal pleading requirements. I agree and will dismiss the Complaint on this basis as well.

As an initial matter, the Whistleblowers Protection Act, CEPA, and ADA claims must be dismissed because they are clearly inapplicable to Mr. Somerset as currently pled. First, the Whistleblowers Protection Act only

---

[7]   The Complaint also mentions "Federal and States Undercover Guidelines," which I construe as the Attorney General's Guidelines on FBI Undercover Operations. "The Undercover Guidelines grant the FBI broad discretion in conducting undercover operations." *Suter v. United States*, 441 F.3d 306, 311 (4th Cir. 2006).

As the Complaint fails to: (1) cite any relevant provision of the Undercover Guidelines; (2) assert a cause of action against the United States or a federal defendant; or (3) otherwise explain how East Orange falls under the ambit of the Undercover Guidelines, the Court dismisses the claim.

5

applies to federal employees and Mr. Somerset has neither alleged that he is a federal employee nor asserted claims against federal defendants. *See Fleeger v. Principi*, 221 F. App'x 111, 115 (3d Cir. 2007); *Whistleblower 1 v. Bd. of Educ. of City of Elizabeth*, N.J., No. CIV.A. 11-6480 SDW, 2011 WL 5882165, at *4 (D.N.J. Nov. 22, 2011). Second, CEPA states that an "[u]pon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction." N.J. Stat. Ann. 34:19-33. Mr. Somerset, however, has neither alleged that he is/was an employee of East Orange nor alleged any adverse employment action taken by East Orange for purposes of CEPA. *See Marrero v. Camden Cnty. Bd. Of Soc. Servs.*, 164 F. Supp. 2d 455, 473 (D.N.J. 2001).

    Third, to allege a claim pursuant to the ADA, Mr. Somerset must establish that: (1) he is disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by his employer; (3) he has suffered an adverse employment decision; and (4) the adverse employment decision was the result of discrimination. *See Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) Mr. Somerset has not alleged employment in any capacity with East Orange, identified any adverse employment action, or alleged any facts that imply that East Orange took an adverse employment action against Mr. Somerset due to his blindness. To the extent Mr. Somerset attempts to allege alternative theories of ADA liability, the Court finds that the Complaint fails to allege any discriminatory action taken against Mr. Somerset due to his blindness and in general fails to allege any concrete facts suggesting a claim upon which relief may be granted.

    For the reasons set forth above, Mr. Somerset has failed to set forth a § 1983 claim against anyone, and *a fortiori* has not alleged a basis to attribute liability on such a claim to East Orange. A municipality, such as East Orange, cannot be liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Section 1983 requires facts suggesting an unconstitutional municipal policy, practice, or custom. *See id.* at 690-91. A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). Similarly, a "[c]ustom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotation and citations omitted).

For Mr. Somerset to plausibly plead a *Monell* claim, he must identify the unconstitutional policy or custom, attribute it to East Orange itself, and show a causal link between the execution of that policy and a violation of Mr. Somerset's constitutional rights. *See Harley v. City of New Jersey City*, No. 16-5135, 2017 WL 2779466, at *7-8 (D.N.J. June 27, 2017). At the pleading stage, this burden is sometimes met by allegations of a formal policy, or else by allegations that policymakers were aware of similar unlawful conduct but that their policies failed to guard against future violations. *See Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). Mr. Somerset has not plausibly alleged that East Orange enacted a policy or custom that might have resulted in his alleged harms.

Finally, Mr. Somerset has failed to plausibly allege a claim for mail fraud under 18 U.S.C. § 1341. That is a criminal statute; there is no civil cause of action contained within it.[8]

Accordingly, the Complaint is dismissed against East Orange.

---

[8] Mail fraud may, however, serve as part of a pattern of racketeering under RICO. It requires "(1) the existence of a scheme to defraud; (2) the use of the mails, whether the United States Postal Service or a private carrier, in furtherance of the fraudulent scheme; and (3) culpable participation by the defendant (i.e. participation by the defendant with specific intent to defraud)." *Care One Mgmt., LLC v. United Healthcare Workers East, SBIU 1199*, 2013 WL 5603881(D.N.J. Oct. 10, 2013). The Complaint is bereft of allegations which relate in any way to the required elements of a mail fraud claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The dismissal is without prejudice to the submission, within 30 days, of a second amended complaint.

An appropriate order accompanies this opinion.

Dated: April 1, 2022

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**